J-A13024-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COLLEEN CHIAVETTA, EXECUTRIX OF THE ESTATE OF DOLORES A. TRUSKOWSKI AND JOHN T. TRUSKOWSKI | : IN THE SUPERIOR COURT OF : PENNSYLVANIA : : : : |
| Appellant | : : : |
| v. | : No. 777 WDA 2025 : : |
| MIA CLAUSSEN | : |

Appeal from the Order Entered May 14, 2025
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-24-5546

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED:  June 30, 2026**

Appellants, Colleen Chiavetta, Executrix of the Estate of Dolores A. Truskowski and John T. Truskowski, appeal from the order entered on May 14, 2025, which granted Appellants' petition for redemption under 53 P.S. § 7293 and set a redemption price of $153,539.69 on the subject property.  We affirm.

Appellants initiated the current action on May 16, 2024, by filing a petition for redemption under 53 P.S. § 7293.[1]  Within Appellants' third

---

[1] In relevant part, 53 P.S. § 7293 provides:

>    (a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may . . . redeem the same at any time within

*(Footnote Continued Next Page)*

amended petition (hereinafter "Appellants' Petition"), Appellants averred that,

on August 7, 2023, Mia Claussen (hereinafter "Respondent") purchased real

property located at 212 McCoy Road, McKees Rocks, Pennsylvania (hereinafter

"the Property"), at Sheriff's Sale. Appellants' Petition, 11/8/24, at ¶ 1. On

August 31, 2023, Respondent received the Sheriff's Deed for the Property.

*Id.* at ¶ 12.

nine months from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments. If both owner and creditor desire to redeem, the owner shall have the right so to do only in case he pays the creditor's claim in full. If more than one creditor desires to redeem, the one who was lowest in lien at the time of sale shall have the prior right, upon payment in full of the claim of the one higher in lien. Within nine months, one who was lower in lien may redeem from one higher in lien who has already redeemed, and the owner may redeem from him; and so on throughout, in each case by paying the claim of the one whose right was higher; and one higher in lien may redeem from one lower in lien, unless his claim is paid; but in each case the right must be exercised within nine months.

(b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

53 P.S. § 7293.

As Appellants averred, they are the former record owners of the Property. ***Id.*** at ¶ 26. Further, Appellants averred that they filed their petition to redeem the Property in a timely manner and that they stand ready to pay the redemption money. ***See id.*** at ¶¶ 28-37.

Respondent filed an answer, new matter, and counterclaim to Appellants' Petition (hereinafter "Respondent's Answer"). Within this filing, Respondent denied that Appellants were entitled to redeem the Property and, further, Respondent raised a counterclaim for abuse of process. ***See*** Respondent's Answer, 1/23/25, at ¶¶ 1-71.

On April 28, 2025, the trial court held a hearing on Appellants' Petition. The trial court entered the following order on May 14, 2025:

> AND NOW, to wit, on this 14th day of May, 2025, following a Hearing held before this Court on April 28, 2025 concerning Petitioners' Third Amended Petition for Redemption, it is hereby ORDERED, ADJUDGED and DECREED as follows:
>
> 1. The Petition is GRANTED, but only as to Colleen Chiavetta, Executrix of the Estate of Dolores S. Truskowski. The Estate is the proper party to be eligible to redeem the property under the Statute.
>
> 2. Based upon the evidence and [testimony] produced at the Hearing and upon the credibility determinations derived therefrom, and after consideration of the parties' respective post-Hearing submissions, the Court finds the amount of redemption to be $153,539.69, consisting of the following:
>
>     a. Invoices for Essential Repairs: $78,523.91
>     b. Water Bills: $609.33
>     c. Taxes: $609.44
>     d. Insurance for 2024: $5,929.00
>     e. Insurance for 2025: $1,505.15
>     f. Purchase Price: $58,650.00

> g. Recording Fee: $184.58
> h. Purchase Price: $8,137.72
>
> The above figures include statutory interest. In awarding this sum, I am declining to make a deduction as requested by [Appellants] for "prospective rents" based upon future arrangements/agreements with tenants as testified to by Leon Truskowski, who apparently acted as the *de facto* property manager for [the Property]. First, the [Property] lacked an occupancy permit to enable tenants to reside there and for Mr. Truskowski to lawfully collect rent. Second, I found Mr. Truskowski's testimony to lack credibility.
>
> 3. To redeem the property under [53 P.S. § 7293], Petitioner, the Estate of Dolores S. Truskowski, through Colleen Chiavetta, in her capacity as Executrix, shall pay the amount of $153,539.69 to counsel for [Respondent] in certified funds payable to [Respondent] within thirty-five (35) days of the date of this Order and [Respondent] shall simultaneously exchange a recordable deed conveying all of her right, title, and interest in the Property . . . to the Petitioner, Colleen Chiavetta, Executrix of the Estate of Dolores S. Truskowski.
>
> 4. In the event the Respondent fails to accept the payment paid in accordance with this Order or produce an executed deed to exchange at the time of payment, the designated Petitioner may pay such amount to the Department of Court Records and motion this Court for further relief.

Trial Court Order, 5/14/25, at 1-2 (emphasis omitted).

On June 12, 2025, Appellants filed a notice of appeal from the trial court's May 14, 2025 order and claimed that they were aggrieved when the trial court "[set] an incorrect redemption price of $153,539.69." ***See*** Appellants' Brief at 5. Moreover, while this appeal was pending, the trial court expressly severed Respondent's abuse of process counterclaim from the docket and transferred the claim to arbitration. ***See*** Trial Court Order,

- 4 -

2/10/26, at 1 (declaring: "Respondent's abuse of process counterclaim is severed from the above-docket and transferred to the Arbitration docket").[2]

Appellants raise one claim to this Court:

> Whether the trial court erred and improperly analyzed the redemption statute while [setting] an incorrect redemption price of $153,539.69?

Appellants' Brief at 5.

We have reviewed the briefs of the parties, the relevant law, the certified record, and the opinion of the able trial court judge, the Honorable Chelsa

---

[2] As we have explained:

> a severance of actions effects a splitting of them into one or more independent actions for all purposes, including trial and appellate procedure. Hence, when two related causes of action have been severed, a final order disposing of only one of them is not interlocutory despite the fact that the other is outstanding.

*DiDio v. Phila. Asbestos Corp.*, 642 A.2d 1088, 1093 (Pa. Super. 1994) (quotation marks and citations omitted).

The trial court's May 14, 2025 order was interlocutory when entered, as Respondent's abuse of process counterclaim remained pending at the time. *See*, *e.g.*, *Druot v. Coulter*, 946 A.2d 708, (Pa. Super. 2008) (holding: "if a counterclaim remains outstanding" in the case, there is no final order, as "all claims of all parties are not disposed of") (emphasis omitted). Nevertheless, the trial court's February 10, 2026 order, which severed Respondent's abuse of process counterclaim from the case, rendered the earlier, May 14, 2025 order final and appealable, as the May 14, 2025 order "disposed of all claims and of all parties" and constituted the "announcement of a determination" on Appellants' Petition. *See* Pa.R.A.P. 341(b)(1); Pa.R.A.P. 905(a)(5) ("[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). Thus, our appellate jurisdiction has been perfected.

Wagner. We conclude that Appellants are not entitled to relief in this case, for the reasons expressed in Judge Wagner's able, October 14, 2025 opinion. Therefore, we affirm on the basis of Judge Wagner's well-reasoned opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Wagner's October 14, 2025 opinion.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/30/2026